AO 133    (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas

| | |
|---|---|
| FERNANDO AGUILAR | ) |
| | ) |
| v. | )    Case No.: 5-14-CV-00788-HLH |
| CPS ENERGY | ) |
| | ) |

## BILL OF COSTS

Judgment having been entered in the above entitled action on _____05/08/2015_____ against _____Fernando Aguilar, Pltf._____ ,
<br>*Date*

the Clerk is requested to tax the following as costs:

| | | |
|---|---|---:|
| Fees of the Clerk ................................................................ | $ | 0.00 |
| Fees for service of summons and subpoena ............................................. | | 0.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ...... | | 1,442.05 |
| Fees and disbursements for printing ................................................. | | 0.00 |
| Fees for witnesses *(itemize on page two)* ............................................ | | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.......................................... | | 591.22 |
| Docket fees under 28 U.S.C. 1923 ................................................. | | 0.00 |
| Costs as shown on Mandate of Court of Appeals ..................................... | | 0.00 |
| Compensation of court-appointed experts ........................................... | | 0.00 |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | | 0.00 |
| Other costs *(please itemize)* ..................................................... | | 0.00 |
| | TOTAL    $ | 2,033.27 |

*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

    I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

[✓]   Electronic service      [ ]   First class mail, postage prepaid

[ ]   Other: _____

s/ Attorney: _____

Name of Attorney:   Christine E. Reinhard _____

For: _____CPS Energy_____      Date: _____05/21/2015_____
<br>                           *Name of Claiming Party*

### Taxation of Costs

Costs are taxed in the amount of _____ and included in the judgment.

By: _____

    *Clerk of Court*                          *Deputy Clerk*                     *Date*

AO 133  (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME , CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | TOTAL | | $0.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
    Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

    When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

    Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2),  the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FERNANDO AGUILAR,<br> *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 5:14-cv-00788-HLH |
| CPS ENERGY,<br> *Defendant*. | § § § § | JURY TRIAL DEMANDED |

## DECLARATION OF CHRISTINE E. REINHARD

My name is Christine E. Reinhard. I am over the age of eighteen, competent, of sound mind, capable of making this declaration, and the facts stated within this declaration are within my personal knowledge.

1. I am a founding partner of the law firm of Schmoyer Reinhard LLP. I am the attorney-in-charge representing Defendant CPS Energy in the above-styled case. Defendant necessarily incurred the costs described in detail in this declaration. The total costs of court necessarily incurred by Defendant were $2,033.27 as set out below.

2. Defendant incurred a total of $1,442.05 in costs for printed and electronically recorded transcripts necessarily obtained for use in this case. This cost of $1,442.05 was for the court reporter fees incurred in deposing Plaintiff. Plaintiff's deposition transcript was used in conjunction with Defendant's successful Motion for Summary Judgment, but had that Motion not been successful, the transcript would have been used in connection with Defendant's preparation for trial and cross-examination of Plaintiff. Attached as Exhibit 1 to this Declaration is a true and correct copy of the

1

invoice reflecting the court reporter fees necessarily incurred by Defendant for Plaintiff's deposition.

3.  Defendant also incurred $591.22 in exemplification and duplication costs of materials necessarily obtained for use in this case. This total amount was for the following items: (1) three copies of documents used as exhibits during Plaintiff's deposition; (2) copies of records obtained from Plaintiff's subsequent employer, Novinium, Inc., through deposition on written questions; and (3) Plaintiff's medical and billing records obtained from MacGregor Medical Center of San Antonio, through deposition on written questions.

4.  Attached as Exhibit 2 is an itemized table reflecting the cost of the photocopies necessarily incurred by Defendant. As noted above, the total cost of $10.80 was for three copies of documents used as exhibits during Plaintiff's deposition. Three copies were necessary in order for one to be included as the official exhibit, one to be provided to opposing counsel for reference, and one to be used by Defendant's counsel when questioning the witness.

5.  Attached as Exhibit 3 is an itemized table reflecting the costs associated with obtaining third-party records through depositions on written questions as well as true and correct copies of the related invoices. Defendant obtained records from Plaintiff's subsequent employer in order to determine whether and to what extent Plaintiff mitigated his damages and to assess whether Plaintiff had any attendance issues with his subsequent employer similar to those he had with Defendant that led to the end of his employment. Defendant also obtained Plaintiff's medical and billing records from his health care provider in order to assess whether Plaintiff

2

qualified as disabled under the Americans with Disabilities Act. In particular, Defendant sought to confirm when, how often, and for what reason Plaintiff had sought medical treatment. Although Defendant ultimately did not need to submit any part of these third-party records as evidence to support its successful Motion for Summary Judgment, these records were used in preparation for Plaintiff's deposition, and they would have been used at trial in the cross examination of Plaintiff. As a result, they were necessarily obtained for use in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
CHRISTINE E. REINHARD

3